UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| ALI MOHSEN | ) | |
|     Plaintiff, | ) | |
| v. | ) | No.: |
| | ) | |
| JEH JOHNSON, US Department of Homeland Security, JAMES B. COMEY as The Director of The FBI, LORI PIETROPAOLI, USCIS, Chicago; JOHN KERRY, U.S. Department of State | ) ) ) ) | |
| | ) | |
|     Defendant | ) | |

# COMPLAINT FOR MANDAMUS

Plaintiff ALI MOHSEN ("MOHSEN") by and through his attorney REEM H. ODEH, of the LAW OFFICES OF REEM ODEH, P.C. respectfully requests this Court to enter an order directing the Defendant, JEH JOHNSON, Secretary of Homeland Security, JAMES B. COMEY, as Director of Federal Bureau of Investigations , LORI PIETROPAOLI, Chicago District Director, JOHN KERRY, Secretary of State of The U.S. Department of State and to adjudicate Plaintiff's Petition for Alien Relative. In support of said request, the Plaintiff states as follows:

## JURISDICTION AND VENUE

1. The is a civil action brought pursuant to 8 U.S.C. section 1329, and 28 U.S.C. Sections 1331 (Federal Questions) because Plaintiffs' claims arise under the federal laws of the United States, and 1361 (Mandamus Act), and Section 1447(b) to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which statutes jurisdiction is conferred, to compel Defendant to perform a duty Defendant owes to Plaintiff, 5 U.S.C. section 704 also confers jurisdiction, 28 U.S.C §2201 (Declatory Judgment Act) and under 5 U.S.C. §701 *et seq.* (Administrative Act of the "APA").

2. Venue is proper under 28 U.S.C. section 1391(b), since Defendant JOHNSON is the Secretary if U.S. Department of Homeland Security, COMEY is Director of the Federal Bureau of Investigations, and LORI PIETROPAOLI is District Director of USCIS, agencies of the United States Government, under the Department of Homeland Security and JOHN KERRY, Secretary of State of The U.S. Department of State.

3. This action is brought to compel the defendant, officers and an agency of the United States, to perform its duties arising under the laws of the United States.

4. The APA requires USCIS and the FBI to carry out their duties within a reasonable time. The provision of the APA that provides this is 5 USC Sec. 555(b), which states that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS and FBI are subject to 5 USCIS Sec. 555(b). The Plaintiffs contend that the delays in processing their applications for petitions are unreasonable.

## PARTIES

5. Plaintiff MOHSEN is a U.S. Citizen, currently residing in Chicago, Illinois.

6. Plaintiff is married to FATIMA HAMZAH, national and citizen of the country of Yemen. The parties have children whom are all U.S. Citizens.

7. Defendant, JOHNSON is the Secretary if U.S. Department of Homeland Security, COMEY is Director of the Federal Bureau of Investigations, and LORI PIETROPAOLI is District Director of USCIS, agencies of the United States Government, under the Department of Homeland Security.

8. That JAMES B. COMEY is sued in his official capacity. The FBI is responsible for the proper background clearance conducted on each applicant for immigration benefits.

9. That JOHN KERRY, is sued in his official capacity. The U.S. Department of State is responsible for issuance of visas.

## CLAIMS FOR RELIEF

10. On or about June 7, 2010, Plaintiff filed a Petition for Alien Relative on behalf of his wife, who is currently living in Yemen with the parties minor children.

11. On or about February 26, 2014, Plaintiff submitted fees to the National Visa Center ("NVC") pursuant to the invoice issued by the NVC. See attached document

12. Since the time of the Plaintiff's submission of Petition with the Defendant, the Plaintiff has made numerous oral and written requests of the Defendant concerning a final adjudication of said applications.

13. Despite these inquiries to Defendant, it is Plaintiff's belief that the applications remain unadjudicated.

14. The Defendant, in violation of the Administrative Procedure Act, is unlawfully withholding or unreasonably delaying a decision on the applications of Plaintiff.

15. The country of Yemen is experience a very violent civil war, and the Plaintiff's wife and children are not able to join him in the United States to due the Defendant's failure to schedule an appointment for an immigrant visa to be issued to his wife.

16. That the Plaintiff is seeking to transfer this case to another nearby embassy such as Amman, Jordan or Dubai, since the U.S. Consulate in Sanaa, Yemen is closed at this time. Had the Defendant not unreasonably delayed the adjudication of the pending matter, the Plaintiff's wife would have been able to get interviewed in Sanaa, Yemen, however at this time, it is not possible.

17. Plaintiffs have exhausted any remedies that may be exist.

WHEREFORE, Plaintiffs prays that the Court, in light of the foregoing:

    A.    Compel Defendant and those acting under him to perform their duty to rule upon the Plaintiff's applications;

    B.    Compel the Federal Bureau of Investigation to complete their background and fingerprint process.

    C.    Grant attorney's fees and cost of court

    D.    Grant such other and further relief as this Court sees proper under the circumstances.

                                          Respectfully Submitted,

                                          /s/ Reem H. Odeh
                                          Reem H. Odeh
                                          Attorney for Plaintiff

Reem H. Odeh
Law Offices of Reem Odeh
134 N. La Salle, 9th Floor
Chicago, Illinois 60602
312-739-1000-Phone
312-739-1190-Fax